# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BURRELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 C 8776 |
| | ) | |
| CHICAGO HOUSING AUTHORITY, | ) | |
|  et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

In 2003, plaintiff Willie Burrell filed a pro se complaint asserting that the Chicago Housing Authority ("CHA"), Jane Addams Hull House Association ("Hull House"), and the United States Department of Housing and Urban Development ("HUD"), among others, had violated the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and 42 U.S.C. § 1983 by engaging in systematic and ongoing discrimination in the provision and administration of Chicago public housing. The defendants filed motions to dismiss, contending that Mr. Burrell lacked standing and that, in any event, his claims failed on the merits.

The court appointed counsel and after briefing, dismissed the complaint and allowed counsel to withdraw. Mr. Burrell filed an amended complaint and the CHA/Hull House defendants, HUD, and Alexander Polikoff filed renewed motions to dismiss.[1] The court recognizes Mr. Burrell's dissatisfaction with decisions made by the defendants. Nevertheless, for the following reasons, the defendants' motions are granted.

---

[1] Defendants Helen Shiller, Sue Brady, and the Housing Resource Center are also listed as defendants in the caption of the amended complaint. According to the docket, these defendants were never served and Burrell has not taken any action to prosecute the claims as to these defendants. In light of these facts and the lack of any allegations in the amended complaint directed against these defendants, any claims against Shiller, Brady, and the Housing Resource Center are hereby dismissed with prejudice.

**I.      Background**

The court will assume familiarity with its order addressing the first round of motions to dismiss.  In short, Mr. Burrell is an African-American resident of Dorothy Gautreaux Northeast Scattered Sites ("DGNESS"), a CHA residential development.  Mr. Burrell is the President of DGNESS's Advisory Council and DGNESS's Management Corporation.  The amended complaint states that he is filing suit in his individual capacity as a resident of DGNESS as well as in his capacity as a duly elected official of the Advisory Council and the Management Corporation.

In the court's order addressing the motions to dismiss the original complaint, the court found that Mr. Burrell lacked standing to assert the bulk of his claims because: (1) his positions as the President of DGNESS's Advisory Council and Management Corporation did not entitle him to assert claims on behalf of DGNESS; and (2) the lack of allegations regarding personal injuries caused by actions taken by the CHA and HUD meant that he could not bring individual capacity claims against these defendants.  It also reached the merits of the remaining claims brought by Mr. Burrell in his individual capacity.  Mr. Burrell's pro se amended complaint attempts to address the deficiencies identified by the court regarding his individual capacity claims.  For the following reasons, the amendments do not cure the problems with the original complaint so the amended complaint is dismissed with prejudice.

**II.     Discussion**

The amended complaint is substantially similar to the original complaint.  The court will thus highlight the differences stressed by Mr. Burrell in his response, as opposed to re-issuing a slightly edited version of its order addressing the original complaint.  To the extent that the court

does not comment on a specific portion of the complaint, it adopts its order addressing the original complaint.

### A. Claims Against HUD

In his amended complaint, Mr. Burrell asserts that HUD "limited and interfered with [his] participation in the community where [he] live[s]." Amended Complaint, ¶ 31. Mr. Burrell restates his concern regarding HUD's refusal to give office space to DGNESS, and claims that he has been unable to convene resident meetings or assist residents with confidential problems due to lack of office space. Amended Complaint, ¶ 32; Plaintiff's Response at 7. In addition, Mr. Burrell contends that HUD failed to engage in good faith negotiations regarding a contract covering HUD's resident management program and failed to recognize the duly elected resident council. Finally, Mr. Burrell contends that HUD's actions caused him "acute anxiety and embarrassment and humiliation and resulted in loss of self esteem and sense of dignity." Amended Complaint, ¶ 71.

The court agrees with HUD that most of these allegations (specifically, everything except Mr. Burrell's emotional distress claims) relate to harms allegedly suffered by the resident management organization, as opposed to Mr. Burrell personally in his capacity as a public housing tenant. This conclusion is supported by Mr. Burrell's claims for relief, which ask the court to order HUD to change how it deals with certain entities.

Therefore, the court's findings as to the claims against HUD stand: (1) the court cannot exercise subject matter jurisdiction under the Fair Housing Act or Title VI of the Civil Rights because Mr. Burrell has not asserted that HUD intentionally discriminated against him in his individual capacity as a CHA resident, as opposed to in his capacity as a leader in various CHA organizations, (2) the Fair Housing Act does not provide a private right of action for Mr.

Burrell's claims based on his status as a CHA tenant, (3) the court cannot exercise jurisdiction under 28 U.S.C. § 1343 because the complaint, even when construed generously, does not allege that HUD acted under color of any state law, (4) 24 C.F.R. § 964.15, which expresses HUD's policy of encouraging resident management, does not create any specific rights for tenants or resident management companies, so a claim that HUD violated § 964.15 does not provide jurisdiction under 28 U.S.C. § 1331, and (5) to the extent that Mr. Burrell is attempting to raise tenanting claims, he must do so in the *Gautreaux* case.

With respect to Mr. Burrell's emotional distress claim, the court recognizes that Mr. Burrell is genuinely and understandably upset at what he perceives as numerous wrongs inflicted by HUD. Nevertheless, as the court previously explained, psychological distress is not sufficient to confer standing as it is not a direct injury, but is rather predicated on the observation of HUD's dealings with African-American residents generally. The amended complaint does not specify how HUD's actions were designed to cause him specific, direct, and personal injury in his individual capacity. Moreover, as discussed at length in the court's original opinion, Mr. Burrell lacks standing to bring claims on behalf of DGNESS or other residents. Thus, his emotional distress claim is dismissed with prejudice.

**B.    Claims Against the CHA/Terry Peterson & Jane Addams Hull House Association/Clarence Wood**

The court next turns to the claims against defendants Chicago Housing Authority and Terry Peterson, the CHA's Chief Executive Officer (collectively "the CHA Defendants"), and Jane Addams Hull House Association and Clarence Wood, Hull House's Chief Executive Officer (collectively "the HHA Defendants"). As with his claims against HUD, Mr. Burrell's claims

against the CHA and HHA defendants flow from allegations about the organizations he belongs to, and Mr. Burrell seeks redress for harms allegedly suffered by the organizations rather than by himself individually.

At the risk of being repetitive, for the reasons set forth in its order addressing the original motions to dismiss, the court again finds that Mr. Burrell lacks standing to pursue claims on behalf of DGNESS's Advisory Council or DGNESS's Management Corporation. In this regard, the court notes that a claim arising from allegations relating to a specific person in his capacity as a member or leader of an organization is not an individual capacity claim.

In any event, as more fully discussed in the prior order, Mr. Burrell's claims relating to the lack of sufficient office space do not state a claim under 24 C.F.R. § 964.15 because a regulation "only creates an enforceable right if its language unambiguously confers a specific, enforceable right upon its beneficiaries." *Suter v. Artist M.*, 503 U.S. 347, 362-63 (1992). 24 C.F.R. § 964.18 does not meet this standard because it "encourages but does not require" housing authorities to provide office space to resident councils. Because 964.15 is not mandatory and even if it was, Mr. Burrell lacks standing to pursue claims on behalf of a resident council, his claims about space fail to state a claim.

Next, Mr. Burrell alleges that the CHA and HHA defendants have engaged in racial discrimination by preventing African-American residents from getting public housing. He also argues that these defendants are liable for improper tenant selection and assignments, did not provide proper notice of the transfer policy to scattered site housing, and refused to allow the resident council of which he is a member to participate in working groups. As with the HUD defendants, however, tenanting claims of racial discrimination arising under Title VI must be

raised in the *Gautreaux* case. Morever, as the court previously held, to the extent that Mr. Burrell is attempting to assert claims on behalf of other CHA residents, he cannot do so as he has standing only if he personally suffered an injury. Since Mr. Burrell has alleged that he lives in public housing on the north side of Chicago, is not alleged to be facing re-location, and cannot represent the resident council, he has not personally suffered an injury. In sum, while the court appreciates that Mr. Burrell is empathetic and is attempting to help others who he believes were harmed, he lacks standing to raise claims on behalf of others.

This brings the court to the only allegations against the CHA and Hull House defendants that are based on injuries purportedly felt by Mr. Burrell personally. Mr. Burrell asserts that the CHA and HHA defendants' conduct has limited his ability to participate in the community where he lives and prevented him from using office space that he is entitled to have. These purported injuries are identical to those raised in the original complaint, and the court adopts its previous analysis as to why Mr. Burrell cannot state a claim based on these injuries.

Finally, the differences between the original and amended complaint do not relate to Mr. Burrell's Uniform Relocation Act, Moving to Work Act, and Relocation Rights Contract claims. Thus, the amended complaint fails to cure the problems with these claims that were identified by the court in its prior order. Accordingly, the amended complaint fails to state a claim against the CHA or HHA defendants.

### D. Claims Against Alexander Polikoff

Alexander Polikoff is listed as a defendant in the caption of the amended complaint. However, he is not included in the paragraphs (¶¶ 7–14) describing the defendants. The body of the complaint mentions him twice. First, at paragraph 34, Mr. Burrell asserts that Mr. Polikoff

purposely disregarded CHA's outreach policy and bypassed African-American residents awaiting transfers or admission due to their race and national origin. Second, at paragraph 43, Mr. Burrell alleges that Mr. Polikoff used race as a factor when deciding not to inform residents of their right to transfer to scattered site housing in violation of orders entered in *Gautreaux*. These allegations suffer from the same problems as those in the first complaint. Thus, the court finds, as it did before, that Mr. Burrell lacks standing to raise tenanting claims on behalf of others and any claim that the *Gautreaux* court's orders have been violated is not properly before this court.

### III. Conclusion

For the reasons stated above, the motions to dismiss brought by HUD [71], the CHA/Hull House defendants [68], and Alexander Polikoff [73] are granted. Because Mr. Burrell has had a chance to amend his complaint and the amended complaint still fails to state a claim, the clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket. The court thanks all counsel and Mr. Burrell for their helpful submissions.

DATE: May 12, 2006

                                                      Blanche M. Manning
                                                     United States District Judge